UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ODOM INDUSTRIES, INC** | Case No. 1:12-cv-00309-TSB |
| **Plaintiff,** | Honorable Timothy S. Black |
| vs. | |
| **DIVERSIFIED METAL PRODUCTS, INC.,** *et al.* | |
| **Defendants.** | |

### AGREED PROTECTIVE ORDER
### REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS

This cause coming before the Court pursuant to a stipulation of the parties and the Court being fully advised, IT IS HEREBY ORDERED as follows:

1. As used herein, "Confidential Documents" means any documents, things, and information which a Party believes in good faith contain trade secrets, personal financial information, confidential or proprietary commercial information, or information the disclosure of which would invade privacy interests or rights of persons not party to this action (hereinafter "Confidential Information").

2. A party ("Producing Party") may designate as "Confidential" any Confidential Documents it produces in this litigation to a receiving party ("Receiving Party"). Further, any Party may designate as "Confidential" any Confidential Documents produced in this litigation by any other Party, or any third party or non-party pursuant to a document request or subpoena.

The Parties may designate all materials considered Confidential Documents pursuant to the terms of this Order by: (i) the Producing Party printing or stamping "Confidential" on the materials at the time they are produced; or (ii) in the case of materials produced by another Party, a third party, or a non-party, by letter specifically identifying the documents being designated

"Confidential" sent to counsel for all Parties within thirty (30) days of receipt of the materials by the party making such designation.

       3.      Absent a further order of this Court, Confidential Documents produced in this case shall not be used for any purpose other than the prosecution, defense, or settlement of the above-captioned action, including all appeals, and shall not be shown, disseminated, or disclosed in any manner to anyone not authorized under this Order. Nothing contained in this Order shall prohibit any Party from disclosing or providing his or her own documents to persons outside of those listed in paragraph 4.

       4.      Confidential Documents from a party or someone other than a party shall be disclosed only to the following:

       a.      Counsel for the Parties, their attorney partners, attorney associates, and/or staff attorneys, as well as the staff members, administrative assistants, paralegals, and clerical workers of the companies/firms with whom Counsel for the Parties are affiliated and to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation;

       b.      The Parties, including present and former officers, directors, and employees of the parties who are providing assistance to counsel in the conduct of this litigation and to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation;

       c.      Any expert or consultant who is retained by a party or its counsel in connection with this litigation;

       d.      Any person, or counsel for said person, whom counsel for any party in good faith believes may be a witness in this litigation;

       e.      Witnesses, when giving testimony under oath in these proceedings;

       f.      Court reporters while in the performance of their official duties,

       g.      This Court or any other court to which any appeal of this litigation is taken; and

       h.      Any other person if (i) the parties agree in writing and after conferring in good faith that the person may have access to the Confidential

Information; or (ii) the Court orders upon Motion with good cause shown that the person may have access to the Confidential Information.

5. Counsel for the Parties and each of the attorneys and/or individuals affiliated with their firms and/or companies and involved in any aspect of this case shall be deemed to be bound by the terms of this Order and subject to the jurisdiction of the Court for appropriate proceedings in the event of any violation or alleged violation of this Order.

Before showing or divulging the contents of any of the Confidential Documents produced in this case to any person identified in subparagraphs 4(c), 4(d), 4(e) or 4(h), Counsel shall first obtain a signed statement from that person reciting that the person is familiar with the terms of this Order and has agreed to abide by those terms. The requirement of obtaining such a signed statement may be satisfied by affixing the name, affiliation and business address, as well as obtaining the signature of such person, on a copy of this Order. A copy of each such signed statement shall be retained by Receiving Party Counsel for one (1) year after the conclusion of this case, including any appeal. A copy of the signed statement of any testifying expert or other testifying witness to whom Confidential Documents have been provided under this Order, shall be provided to Producing Party Counsel upon request on either the date of said witness's deposition or the date of disclosure of such person as a testifying witness. At the conclusion of this case, Receiving Party Counsel shall retrieve all Confidential Documents from any ~~other~~ person identified in subparagraphs 4(c), 4(d), 4(e) or 4(h), to whom Confidential Documents have been disclosed pursuant to this Order and otherwise comply with paragraph 14 hereof.

6. All documents and all briefs and other papers containing, referring to or otherwise disclosing Confidential Documents which are filed with (or otherwise submitted to) the Court shall be placed under seal by the Clerk of the Court and shall not be disclosed except as provided in this Order. All such documents filed with or submitted to the Court shall be in a sealed

3

envelope or other container and conspicuously marked with (a) the title and case number of this action; (b) the phrase "CONFIDENTIAL-FILED UNDER SEAL"; and (c) a statement substantially in the following form:

> The enclosed materials are subject to a Protective Order of the United States District Court for the Southern District of Ohio. This container shall not be opened by any person other than the Court, the Court's personnel, or Counsel of Record, without Court Order.

Nothing shall prevent the use of Confidential Information at any hearing, or the trial of this matter.

7. Confidential Documents shall not be disclosed by Counsel or otherwise made public except in compliance with the terms of this Order. Nothing contained herein shall prohibit any Party from producing Confidential Documents in response to any Court Order or any valid and enforceable subpoena, or from responding to a valid request for documents or information by a governmental agency. However, if any person or entity, other than those described in paragraph 4, seeks to obtain, or compel a Receiving Party to produce, any Confidential Documents by requests for documents, subpoena or other compulsory process, the Party from which the Confidential Documents are requested and/or demanded shall notify the Producing Party in writing of the demand in order to permit the assertion of all applicable rights and privileges with respect to the Confidential Documents, and shall advise the person or entity seeking production of Confidential Documents of the existence of this Order. The Producing Party shall be responsible at its sole cost and expense for the timely assertion of all applicable rights and privileges relating to the Confidential Documents, including the filing of any motions, proceedings, or responses to any request for documents, subpoena or other compulsory process.

8. If a Receiving Party, or any person or entity to whom Confidential Documents have been disclosed pursuant to this Order, believes that Confidential Documents produced in

this case should be used for any purpose other than those permitted by this Order, the party or witness shall first obtain the consent of the Producing Party for such disclosure. If consent is not forthcoming, the party shall make a good faith effort to resolve such dispute with counsel for the Producing Party, explaining the reason(s) that the Confidential Documents should be used for purposes other than those permitted herein. If the dispute cannot be resolved, either party or the witness may apply to the Court for a determination concerning the propriety of using the Confidential Documents for purposes other than those permitted herein.

9. Any party may object to the designation of particular material as Confidential by giving written notice to all other parties. Such written notice shall identify that material to which the objection is directed and the basis of the objection. If the objecting and designating parties are unable to resolve their differences within ten (10) days from the time the notice is received, the objecting party may file an appropriate request for the Court to rule that the disputed material should not be subject to the protection of this Order. In the event that a designation of confidentiality is challenged, the burden of proof is on the proponent of the designation of confidentiality. The disputed material shall remain subject to the terms of this Order unless and until the Court rules otherwise.

10. Deposition testimony and/or videotape testimony shall be considered Confidential by a statement on the deposition record or by a written statement furnished to the opposing counsel of record and the official court reporter within ten (10) business days after receiving a copy of the deposition transcript or videotape testimony. All deposition transcripts and videotape testimony shall be treated as Confidential until the expiration of the ten (10) business days period.

11. Nothing in this Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Documents for any purpose. Any such use or discussion of Confidential Documents by the Producing Party shall not be deemed a waiver of the terms of this Order.

12. The inadvertent or unintentional production of Documents containing, or otherwise disclosing Confidential Information without being designated Confidential at the time of production or disclosure shall not be deemed a waiver in whole or in part of the claim of confidentiality privilege, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. The issue of waiver, to the extent contested by the parties, shall be determined by this Court. Any error in designation shall be corrected as soon as reasonably possible after the Producing Party becomes aware of the error, and any Party who has disclosed or used such material prior to the correction by the Production Party shall not be considered in violation of this Order.

13. The designation of Documents as Confidential, pursuant to this Order, shall not be construed as a concession by any Party that such information is relevant or material to any issue or is otherwise discoverable or admissible as evidence.

14. Within forty-five (45) days of the conclusion of all proceedings by settlement, adjudication, exhaustion of appeals, or otherwise, all Confidential Documents furnished pursuant to the terms of this Order, any copies thereof, and any materials recording and/or otherwise containing said information or documentation, and which are not in the custody of the Court, shall be destroyed, except that each Receiving Party may keep one (1) copy of the records and documents produced in their closed files under confidential seal for the exclusive purpose of maintaining an accurate record of the work done on this case for liability/malpractice concerns.

Upon request, the Receiving Party shall certify to the Producing Party that Confidential Documents produced by the Producing Party have been destroyed.

15. Each person to whom disclosure of Confidential Documents is made pursuant to this Order shall subject himself to the jurisdiction of this Court for the purposes of proceedings in the event of any violation of this Order.

**IT IS SO ORDERED.**

_____
Timothy S. Black
United States District Judge

**AGREED TO:**

___/s/Nicole M. Lundrigan_____
Nicole M. Lundrigan (0075146)
1262 U.S. Highway 50
Milford, Ohio 45150
(513) 248-0492
Email: nlundrigan@odomindustries.com
*Counsel for Plaintiff Odom Industries, Inc.*

___/s/Peter J. Georgiton_____
Peter J. Georgiton
Dinsmore & Shohl LLP
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
Email: peter.georgiton@dinsmore.com
*Counsel for Defendant TEAM Industrial Services, Inc.*

___/s/Joe Meuleman_____
Geoffrey J. McConnell, *pro hac vice*
Joe Meuleman, *pro hac vice*
jmeuleman@lawidaho.com
MEULEMAN MOLLERUP LLP
755 West Front Street, Suite 200
Boise, Idaho 83702
Telephone: 208.342.6066
Facsimile: 208.336.9712
*Counsel for Defendant Diversified Metal Products, Inc.*